# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2019

Lyle W. Cayce
Clerk

No. 18-60579
Summary Calendar

ADRIANO BUDRI,

      Petitioner

v.

ADMINISTRATIVE REVIEW BOARD, UNITED STATES DEPARTMENT
OF LABOR,

      Respondent

Petition for Review of the Final Decision and Order of the
United States Department of Labor Administrative Review Board
LABR No. 18-025

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Adriano Budri challenges an Administrative Review Board's decision in favor of his former employer, Firstfleet, Inc. The decision concluded that Budri could not establish causation in his whistleblower retaliation claim under the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31105. We agree and deny the petition for review.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60579

The STAA "insure[s] that employees in the commercial motor transportation industry who make safety complaints, participate in STAA proceedings, or refuse to commit unsafe acts do not suffer adverse employment consequences because of their actions." *Roadway Express, Inc. v. Dole*, 929 F.2d 1060, 1065 (5th Cir. 1991).

After Budri was terminated by Firstfleet at the end of his first month of employment, he filed a claim with the Occupational Safety and Health Administration.   Under the STAA, Budri needed to demonstrate "by a preponderance of the evidence that protected activity was a contributing factor in" his termination. 29 C.F.R. § 1978.109(a).  An administrative law judge ("ALJ") found there to be "no genuine dispute as to any material fact" on the causation element and granted summary decision to Firstfleet.  29 C.F.R. § 18.72(a).   Budri then petitioned for review by the Department of Labor's Administrative Review Board ("ARB"). *See Budri v. Firstfleet, Inc.*, No. 18-025, 2018 WL 6978226 (U.S. Dep't of Labor Admin. Rev. Bd. June 19, 2018).

The ARB found that, in the one month that Budri was employed by Firstfleet, "he caused several accidents, failed to report accidents, failed to deliver a time-sensitive order, drove on a flat tire to a truck stop when he had been told to wait for a service crew to repair the tire, and had a customer ban him from its facility for refusing to follow instructions." *Id.* at *1.  It also referred to the ALJ's findings that "undisputed evidence demonstrated" Firstfleet "immediately remedied" a complaint Budri asserted in protected activity, "took no action against Budri" after he engaged in other alleged protected activity, and that all of Budri's mistakes on the job occurred after purported protected activity. *Id.*  Thus, though Budri had undertaken protected activity, the ARB found he had "fail[ed] to present any evidence that [the activity] contributed to the termination decision." *Id.*

2

No. 18-60579

The ARB affirmed the ALJ's grant of summary decision in Firstfleet's favor, finding no genuine disputes of material fact and holding as a matter of law that Firstfleet was entitled to judgment. *Id.* at \*2; *see also* 29 C.F.R. § 18.72(a).

Burdri proceeds *pro se* in this court. We review an ARB decision to make sure it is not "arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, or . . . not supported by substantial evidence." *Macktal v. United States Dep't of Labor*, 171 F.3d 323, 326 (5th Cir. 1999) (citing 5 U.S.C. § 706(2)(A)). We review conclusions of law *de novo*. *Ameristar Airways, Inc. v. Admin. Review Bd.*, 771 F.3d 268, 272 (5th Cir. 2014).

In his petition for review, Budri first argues the ARB erred by failing to consider certain occurrences to have been protected activity. The ARB in fact did consider one of these, pertaining to an inoperative headlamp on a truck, to be a protected activity, and it factored the incident into its analysis. *See Budri*, 2018 WL 6978226, at \*1 n.5. As to an event pertaining to Budri's driving on a flat tire after being instructed not to do so, the ALJ concluded that Budri waived that argument because he raised it too late. Budri briefed the point in his appeal, but the ARB did not address it. We conclude the ARB's silence was effectively an adoption of the waiver holding. Budri does not explain in his petition for review in this court why the ARB's decision to deem the argument waived would be arbitrary or capricious. Even though we construe *pro se* briefs liberally, Budri must still adequately contest the Agency's determinations to have them addressed in this forum. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). He has failed to do that as to this scenario involving the flat tire.

Budri also contends his motion to compel discovery should have been granted. Budri filed requests on November 25 and December 21, 2017. In an order issued on December 29, 2017, the ALJ ordered Firstfleet to respond to

3

No. 18-60579

Budri's discovery requests or object to them. Budri argued to the ARB that Firstfleet only partially complied with the order. The ARB's decision does not discuss these contentions. Even if the ARB should have discussed that issue, its failure to do so is not reversible error if it "clearly had no bearing on the procedure used or the substance of decision reached." *Worldcall Interconnect, Inc. v. F.C.C.*, 907 F.3d 810, 818 (5th Cir. 2018) (citation omitted). We see no significance to the issue regarding discovery, and there is no reversible error.

This case concerns Budri's commission of a series of errors during his only month of employment. His termination took place after those mistakes and not directly after the protected activity recognized by the ARB. Budri does not dispute these facts. The record also indicates that Firstfleet's human resources manager authorized Budri's termination after an email request from Budri's supervisor that detailed Budri's on-the-job mistakes and did not mention any of the protected activity. We therefore agree there is no genuine dispute of material fact as to the element of causation. Firstfleet was due a favorable decision as a matter of law.

Finally, Budri argues the Agency erred in not considering his prehearing statements, but he insufficiently briefs the argument.

The petition for review is DENIED. All pending motions are DENIED.